UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NANETTE DeBRUHL,

                Plaintiff,

    -against-

JULIE KEYES, *et al.*,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM ORDER**

23-CV-06324 (GRB) (JMW)

**A P P E A R A N C E S:**

**Peter T. Shapiro, Esq.**
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, NY 10005
*Counsel for Plaintiff*

**Steven E Rosenfeld, Esq.**
Law Offices of Steven E. Rosenfeld, PC
777 Third Avenue, 24th Floor
New York, NY 10017
*Counsel for Keyes Defendants*

**Rhett A. Frimet, Esq.**
10 E 40th Street, 46th Fl
New York, NY 10016
*Counsel for Defendant Edward Ellington, Jr.*

**WICKS,** Magistrate Judge:

                "*Life imitates Art far more than Art imitates Life*"[1]

Having achieved a settlement in principle over claims to ownership in artwork, which was reduced to a term sheet but conditioned on execution of a formal settlement agreement (*see*

---

[1] Oscar Wilde, essay (1889).

1

ECF No. 33), this case exemplifies why the devil is always in the details.[2] Regrettably, negotiation of the settlement documents led to further disputes: the breakdown of an attorney-client relationship and ultimately a failure to consummate the settlement they had reached in a court settlement conference.

Before the Court is Plaintiff's counsel Peter Shapiro's ("Shapiro") uncontested motion to withdraw as counsel of record for Plaintiff. The Court set May 31, 2024 as the date for any opposition (electronic order dated May 22, 2024), none of which has been filed. For the reasons that follow, Shapiro's motion to withdraw (ECF No. 31) is granted and he is terminated as counsel of record.

## BACKGROUND

Plaintiff Nanette DeBruhl, a physician and Californian resident, received 69 artworks from her friend and artist, Rosalind Letcher. (ECF No. 1 ¶¶ 1, 6.) Letcher became ill and subsequently had all of her artworks stored in a facility. (*Id*. ¶¶ 22-23.) Plaintiff paid the storage facility's fees and assisted Letcher with her daily expenses and activities as she moved in and out of various apartments and medical rehabilitation centers. (*Id*. ¶¶ 24, 28-29, 30, 33.) After Letcher was admitted into an assisted living center, Letcher "verbally gifted" her 69 artworks to Plaintiff. (*Id*. ¶ 37.) Plaintiff thus claims she owned the pieces at all relevant times and insured them accordingly. (*Id*. ¶¶ 39, 42.) Plaintiff intended to sell the artworks and use the proceeds to finance Letcher's medical bills and other expenses as necessary. (*Id*. ¶ 38.)

Defendant Keyes resides in New York and operates Keyes Art Consulting—a global art consulting firm. (*Id*. ¶¶ 7-8.) Defendant Ellington is a Canadian resident and relative of Letcher.

---

[2] German philosopher Friedrich Wilhelm Nietzche is attributed with first coining the phrase, "*der teufel stecktim detail,*" or "the devil is in the details." https://www.theidioms.com/the-devil-is-in-the-detail/

(*Id.* ¶ 9.) In 2020, Keyes emailed Plaintiff to discuss her interest in displaying the artworks in Keyes's gallery. (*Id.* ¶ 43.) From 2019 through 2023, Ellington also reached out to Plaintiff implying that Plaintiff should display the pieces. (*Id.* ¶ 45.) Plaintiff succumbed to Defendants and agreed to have the artworks displayed in Keyes's gallery in 2023. (*Id.* ¶ 48.) Although Plaintiff only gave the artworks to Defendants temporarily, unbeknownst to Plaintiff, Defendants sold the pieces. (*Id.* ¶¶ 3, 50.) Further on June 29, 2023, Ellington sent Plaintiff a consignment agreement which essentially stated that *Ellington* needed to approve all artwork sales and that Keyes's firm would safekeep the artworks. (*Id.* ¶¶ 53-54.) It was then and only then that Ellington claimed to have any rights to the artworks. (*Id.* ¶ 55.)

As a result, Plaintiff alleges that Defendants "conspired to defraud her by inducing her to lend the Artworks to Keyes for display" and then disclaiming Plaintiff's ownership and alleging Ellington to be the true owner. (*Id.* ¶ 57.) Defendants ultimately devised a scheme to have Ellington sell the works through Keyes and her firm and Defendants would retain all the profits. (*Id.*) Plaintiff demanded all of the artworks be returned and not sold, but Defendants still proceeded to list them for sale and has sold at least one of the works to date. (*Id.* ¶¶ 63-65.)

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on August 23, 2023. (ECF No. 1.) In their respective Answers, Defendants denied each claim (ECF Nos. 27-28) and the Keyes Defendants counterclaimed that Plaintiff induced Defendants into taking possession of Letcher's artworks and Keyes suffered damages in paying for storage of the artworks and their eventual display, totaling $250,000 (EF No. 27).

Subsequently after the Complaint was filed, Plaintiff also filed a motion for an order to show cause requesting a temporary restraining order and preliminary injunction be issued to

Defendants to return all of the artworks. (ECF No. 6.) Defendants responded (ECF No. 15.) The Hon. Gary R. Brown then held a conference with the parties and adjourned the case for 60 days to allow time for Ellington to retain counsel and for the parties to settle the case. (ECF No. 20.) The parties then contacted the undersigned's chambers for a settlement conference which was held on May 3, 2023. (Electronic Order dated May 3, 2023.) After extensive negotiations, the case was settled in principle, as reflected by a term sheet delineating ownership of the various artworks. (*See* ECF No. 33.) Less than three weeks later, Defendants filed a letter (*see id.*) advising that the settlement fell apart. This letter was followed closely by the instant motion filed by Shapiro to be relieved as counsel of record for Plaintiff (*see* ECF No. 31).[3]

## **DISCUSSION**

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999).) New York's Rules of Professional Conduct ("NYRPC")[4] neatly divide the bases for

---

[3] The letter was first emailed to chambers, then later filed at ECF No. 33.

[4] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting

withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive (*see* NYRPC rule 1.16(c)). The grounds proffered here, an irreconcilable conflict, fall squarely within the permissive bucket. *See* NYRPC rules 1.16(c)(4)[5] and (7).[6] The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney. Such circumstances include when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." Model Code 1.16(b)(4). Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation, as alleged here, sufficient grounds exist to justify permissive withdrawal under the rules. *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *see also Guichard v. Toulon*, No. 19-CV-3443 (JS)(JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same): *Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA)(JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) (same).

---

in New York as well as in New York State courts." *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[5] Withdrawal based on a disagreement between an attorney and client is permitted under the rules when "the client insists upon taking action with which the lawyer has a fundamental disagreement." NYRPC rule 1.16(c)(4); *see also Flannigan v. Vulcan Power Grp. LLC*, No. 09-CV-8473 (LAP), 2023 WL 2986870, at *2 (S.D.N.Y. Apr. 18, 2023) (citing the same).

[6] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC rule 1.16(c)(7); *see also Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) (citing the same).

5

Shapiro explains that there is an "irreconcilable conflict" between him and his client that he believes has rendered continued representation difficult.  (ECF No. 31-1 at 1.)  Motions to withdraw based upon the grounds urged here create a difficult path for counsel to navigate.  They pose a unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while simultaneously protecting confidential or privileged communications and being mindful of any potential prejudice to their client.  *See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients).  After all, the outgoing lawyer always has the duty to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client."  *See* N.Y.R.P.C. 1.16(e).

"The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other."  *White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-CV-2587 (AMD)(JMW), 2023 WL 2163777 (E.D.N.Y. Feb. 22, 2023); *Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, No. 22-CV-5458 (AT)(BCM), 2023 WL 3011912, at *2 (S.D.N.Y. Mar. 30, 2023) (same).  *So how does counsel thread this needle?*  One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal.  *See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw).  Shapiro offered to explain *ex parte in camera* the grounds.  (*See* ECF No. 31-1 at 4.)

Having reviewed the declaration proffered in support of Shapiro's motion to withdraw the Court is satisfied that withdrawal is appropriate under the circumstances.  The declaration confirms that Shapiro and his client are at an irreconcilable crossroads.  Given the circumstances of their disagreement as to the path forward -- continued representation under the circumstances

is untenable.  No more is necessary to determine instant application.  *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.").  Further, even if more was necessary to render withdrawal appropriate, the Court has not received any opposition by Plaintiff herself or Defendants.  *Cf. Guichard*, 2022 WL 2612351, at *2 (noting that considering the unreasonable breakdown in communication "coupled with no opposition from the client, the Court concludes there are sufficient grounds for withdrawal").

Moreover, Shapiro's withdrawal as counsel of record "can be accomplished without material adverse effect on the interests of" Plaintiff.  *See* NYRPC rule 1.16(c)(1)(permissive withdrawal).  This case is in its nascent stage.  Thus, withdrawal would not prejudice Plaintiff or materially affect her interests.  The Court also notes that Shapiro has not asserted any retaining or charging liens against Plaintiff in any of his filings.

## **CONCLUSION**

For the reasons stated, the motion to withdraw (ECF No. 31) is granted.  All proceedings in this case are stayed until **July 8, 2024**, so that Plaintiff has opportunity to retain new counsel.  Incoming counsel, if any, shall file a Notice of Appearance on or before July 8, 2024.

The parties shall appear for a status conference on **July 9, 2024, at 2:00 PM** before the undersigned via Zoom.  The case will proceed forward on that date, whether Plaintiff has secured counsel or not.  If counsel is not secured, Plaintiff shall appear for the conference *pro se*.  At that conference the parties shall be prepared to address dates and deadlines for discovery in the case.

Outgoing counsel Shapiro is directed to serve a copy of this Order upon Plaintiff at her

7

last known address and last known email address, and file proof of service on ECF **within two business days** of this Order.

Dated: Central Islip, New York
June 4, 2024

**S O  O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge